## CIRCUIT COURT OF HENRICO COUNTY

Consolidated Healthcare, Inc.

v.

Overseas Partners, Inc., et al.

December 27, 1988

Case No. 86C1069

By JUDGE JAMES E. KULP

This matter is before the Court on a number of motions by both parties. The Court, now having heard argument on the motions and having studied the memorandums, issues this partial opinion.

I. *Placing File in Order to Proceed*

Plaintiff, Consolidated Healthcare, Inc. (CHI), filed its Bill of Complaint on October 2, 1986. All of the defendants were served by October 24, 1986. The defendants filed Cross-Bills and Counterclaims on November 14, 1986. Other motions had been filed Objecting to Venue. CHI and cross-defendants Blue Cross/Blue Shield, Norwood Davis, Langhorne Smith, and Thomas Wilkerson filed Special Pleas to Dismiss the Cross-Bills and Counterclaims as untimely. CHI has also filed a motion for Decree Pro Confesso on the grounds the defendants had failed to file any answer to the Bill of Complaint. The defendants filed an answer on October 23, 1987.

In order to get the file in proper order to rule upon the issues before the Court, the Court will exercise

its discretion pursuant to Rule 1:9, Rules of the Virginia Supreme Court, to allow the defendants' Answer to the Bill of Complaint and their Cross-Bills and Counterclaims to be filed. The Court is exercising its discretion in these matters because the Court is of the opinion that all parties have been aware of the substance of these pleadings for some extended period of time and have been acting as though these pleadings had been filed. The Court finds no prejudice to any of the parties by extending the time.

Mr. McCandlish is directed to promptly file with the Court an Order allowing for the filing of these respective pleadings which have been lodged with the Clerk.

Because of this action, the Court will deny the motion of CHI for Decree Pro Confesso and the special pleas to dismiss the Cross-Bills and Counterclaims. Mr. McCandlish is directed to incorporate these rulings within the Order he had been directed to prepare.

## II. *CHI Motion for Summary Judgment on the Bill of Complaint*

CHI has filed a Motion for Summary Judgment on its Bill of Complaint. Because the Court finds that material facts are genuinely in dispute, the Court will deny CHI's motion for Summary Judgment on the Bill of Complaint.

CHI alleges that Arthur Andersen owns all right and interest in work it has done toward the development of a computer-based electronic claims processing network for the healthcare industry. *See* Bill of Complaint, paragraph 15. This alleged ownership by Arthur Anderson has been denied by the defendants. *See* Answer, paragraph 15. CHI attempts to show that no material fact is in dispute by the affidavit of J. Patrick Mullaney, a partner with Arthur Anderson & Co. *See* Exhibit 3 attached to CHI's memorandum in support of plaintiff's motion for summary judgment. Rule 2:21 provides in part that "[i]f it appears from the pleadings, the orders, if any, made at a pretrial conference, the admissions, if any, in the proceedings . . . that the moving party is entitled to judgment, the Court shall enter judgment in his favor." The use of affidavits to procure summary judgment is not provided for by Rule 2:21, nor has the Court been able to find any Virginia case allowing for their use in a situation like

this. The Court recognizes that affidavits may be used for this purpose in federal proceedings, Rule 56, Fed. R. Civ. P., but the Court can find no comparable authority under Virginia procedure.

Further, CHI attempts to use its own answers to interrogatories to establish that no material fact remains in dispute. The Court is aware that Rule 4:8(e) allows answers to interrogatories to be used for summary judgment under Rule 2:21. The Court is of the opinion, however, that a party cannot use its own answers to interrogatories to plead the other party out of court. The Court has been unable to find any authority to allow such use of a party's answer to interrogatories.

CHI also alleges that Arthur Andersen owns its work product since it has not been paid for it in breach of its contract with Healthcare Data Network Corporation (HDN). The argument continues that since Anderson has not been paid for its work, it has the authority to transfer it to CHI. The defendants deny that there has been any breach of their contract with Arthur Andersen and affirmatively assert that there was an understanding between Andersen and HDN that payments for work would be deferred. *See* OPI and Rosecrans Answer to Plaintiff's Request for Admissions, paragraph 30.

Mr. McCandlish is requested to add to the order which he has been directed to file the Court's ruling as it concerns CHI's motion for summary judgment.